174073, Hatim Jamil Zakar v. Jefferson B. Sessions III, Oral Argument Not to Exceed Mr. Dade, do you wish to reserve some time for your rebuttal? Yes, Your Honor. I'd like to reserve three minutes for rebuttal. May it please the Court, my name is Herman Dade. I am here today representing the petitioner, Hatim Zakar. I will be highlighting three or four major legal errors made by the BIA in its decision, which can be found at the Administrative Record, pages 1 through 7. The first legal error, and in my opinion the most important one, is at the bottom of page 4 of the decision, Administrative Record, page 6, the Board denied the motion to reopen in order to apply for asylum or withholding of removal, but was silent on CAT. And the motion to reopen is based on CAT. Is CAT the only issue remaining as far as you're concerned? Yes, Your Honor. So, asylum, withholding of removal, and 212C are just not before us, is that correct? That's correct. We're going with... Just going with the CAT? Withholding of removal under CAT, yes, Your Honor. Do we have jurisdiction to review that? For legal errors, and that's what we're arguing today. So, the... Legal errors only because of the preclusion of review, is that the idea? Yes. The petitioner has an aggravated felony related to a drug conviction. He served, he was sentenced to life, but... That's why there's such a limited scope of review. It's just legal. That's the reason you're only looking at legal issues? Yes. It's the limited scope of review. It's a jurisdictional roadblock that we're facing. Which issue is it? Is the issue you're raising a legal issue or a factual issue? They're all legal. The petitioner asked for CAT relief, and the BIA just... At least my first argument is the BIA denied it on asylum and withholding of removal, but was silent on deferral of removal under CAT. And that's the very last sentence, AR-6. And that's a glaring error, in my opinion. Is this a case where the BIA made a determination with regard to a change of circumstances? Is it or isn't it? Yes, the BIA... In other words, if there were no change of circumstances, you wouldn't even be able to bring the CAT determination. Is that right? Change of circumstances, but they had in their mind asylum and withholding. They weren't really thinking of CAT. There's different nuances. Nonetheless, if they made a determination... You obviously raised CAT or you wouldn't be able to raise it now, right? Yes, CAT was... And you're challenging the denial of a reopening to address CAT, right? Correct. And it was denied because there's a lack of change of circumstances? It was denied... There's two motions. The BIA decided on two motions. We're doing the first one. Sorry? The first one. Yes, on the first motion, that was denied by the immigration judge, which was appealed to the BIA. And they essentially agreed with the immigration judge that although there's a change in country conditions, that it did not present sufficient evidence to demonstrate that the government of Iraq would acquiesce in respondents' torture. That sounds like facts to me. Yes, and that's for the first motion. So you agree the first motion we have no jurisdiction? Well, no, because it's not sufficiently articulated. It's just scant legal reasoning, and there's case law that says... Scant legal reasoning with respect to facts are reviewable there? Well, it's kind of mixed facts. The problem I'm having, I mean, you're facing all these uphill jurisdictional issues. Yes, yes. There's not enough there to provide meaningful review. So, you know, they're just... So you're saying we can review the absence of sufficient evidence to find a fact as a legal issue? No, I'm... See the problem I'm having? Yes, there's jurisdictional blocks left, right, and center on this. It's very difficult to... What I'm just trying to present, at least for the first motion that the BIA denied, is that... What's the most legally stated legal issue that you have with respect to the first motion? Because they sound like factual issues. Can you state it in the legalest way possible? Yeah, I would say it's... And I have some case law as well, which I can... I'm asking for the statement of the issue. Yes, I would say... Yes, I would say that it's... It's scant legal reasoning that they were acting in an arbitrary fashion. That's the best I could... Do you have a better argument with respect to the second motion? Yes, the second motion, definitely, Your Honor. With the second motion, that's what I referred to at the beginning. And just to clarify any confusion, while this appeal was pending with the BIA, that's when the second motion was filed. So that's why the BIA has decided on... Arguably, it isn't even before us. It was decided altogether in one denial. So there's two motions denied and one denial with the BIA. But with the second motion to reopen, it's a glaring error that they did not address CAT. They addressed asylum or withholding of removal. That's the first mistake. And then the second one is that... And that's three paragraphs... Two or three paragraphs above there on AR-6, where they're saying it's essentially the same evidence. And that is the same evidence in the first motion as the second motion. And that's a legal error. They ignored the evidence. AR-180 to AR-222 contains evidence in the second motion that was not in the first motion. And that is news articles. Have you looked at the case we asked you to look at that I think was decided by Judge Bush? Is that correct? Yes, Your Honor. Did you address that? Is that case dispositive or is it relevant or what? No, Your Honor. That had a... Was that a CAT case at all? I believe that was a CAT case as well. However, this is distinguishable from that based on this legal error here that we don't have a CAT decision on the second motion to reopen. We have an asylum... A legal error that they failed to address CAT. Is that your argument? They definitely did fail to address CAT, and that's what we were seeking with the BIA. So we're down to the only issue you have before us really. The only legal issue is that they failed to address, in so many words, the CAT decision in their denial of reopening. Is that right? I'm just trying to get the nature of the limited issue you're raising. Yes, that is one limited issue, but a major one. I think that's a strong one. I have just two or three more. There was the Sixth Circuit case in 2007, Mopoya v. Gonzalez, where they stated that the court requires more than scant legal analysis and reasoning from the BIA to support a dismissal of a torture convention claim. So that's... That's arguably a factual issue. I mean, in a sense, any issue that we address is a legal issue, but it's a legal issue that revolves around whether you have enough facts. Yes, I understand, Your Honor. That's what that case stated. There was one more. Could you address in your short time the motion based on the fact that your client didn't show up? Yes, Your Honor. Your response to it basically says he had good reasons not to show up, which is not the same as saying he showed up or he didn't know about it. Yes, we take issue with the characterization that he's a fugitive. ICE, Immigration and Customs Enforcement, knows where he is. He has a... Why doesn't he show up then? He had a nearly perfect attendance record. He missed one and only one reporting date, and opposition had plenty of time to raise this. I thought you said in your opposition that he missed it on purpose because he didn't want to be arrested. That was a misquote by his former attorney. He didn't say that to her, that he's... Well, nobody wants to get arrested, obviously, but that wasn't the impetus of him not showing. I think the confusion was he was trying to find a safe third country to go to. But regardless, if he could have a second opportunity and a second appointment notice, we ask if opposition can undertake not to arbitrarily arrest him. It's very difficult for me to represent him if he gets arrested and shipped 1,000 miles away. It gets harder to... Whether all that has to be done by the... You ask for a stay or they agree to a stay. You just can't not show up. Well, that's the thing. A stay has been granted by the Eastern District Court. That's another reason why he should have showed up. Yes. He is under, in some extent, the court's protection from removal at this point to have the opportunity to file. Why not show up, then? That just seems to cut against you, that he had some sort of assurance that nothing bad would happen to him, not that that makes any difference. But I don't see how that cuts in his favor. All I'm suggesting, I think it's premature. He should have the opportunity to rectify this, at least give him a chance to show up. I ask that, of course, counsel, that myself as counsel, be allowed to be with him. Sometimes ICE is known to retaliatory detention to gain advantage in litigation. I hope that's not the case. But other than that... That's what you're trying to show. If that's what he's trying to avoid, then that's not a good reason. No, it's not his concern. It's just mine. I'm just saying give him another chance. That's another issue. He just missed one date out of seven years of perfect attendance. I'm saying it's just one time. He's not on the run. If he could just get another date, that's all. He wasn't provided another date or another notice to attend to that. Just in the last... The other thing is if this case is remanded, I ask that the court provide instructions to the BIA to clarify why they are approving some of these motions to reopen for Chaldeans, Christians going to Iraq, saying that they are in danger and why they're denying others. It's a flip of the coin. It depends. Would our decision on the merits affect whether he continues to have relief under this preliminary injunction? This decision, yes. If I'm understanding the question correctly... You say there's this injunction out there. I don't know that it's in the record, but I understand from briefing before us in this case or some other case that if we were to decide that he should be removed and have a final decision in that regard upholding the BIA, then the preliminary injunction would no longer apply. Is that true or not? I think that's a good point. I understand because the stay was in effect, so he is permitted to file with the Board of Immigration Appeals. A denial at this dismissal with this court could have catastrophic effects, not just for him, but perhaps it could have catastrophic effects for the rest of the class as well. That isn't what I understood. Your time is up. Thank you, Mr. Day. Thank you, Your Honor. Good morning, Your Honors. It may please the Court, Andrew Nsinga on behalf of the Attorney General. The Court should dismiss this petition under either the discretionary fugitive disentitlement doctrine or the mandatory criminal jurisdictional bar. Under the fugitive disentitlement doctrine, an alien must show up for reporting. Garcia-Flores is clear that you must show up for reporting, and even if you subsequently show up for reporting, you are a fugitive. Much of the difficulty we face in adjudicating this motion is we have no evidence whatsoever about where Petitioner is, what Petitioner is doing. What we have are arguments of counsel. Arguments of counsel are, with all due respect to counsel, not evidence. To suggest that the prior attorney misunderstood, where is that information coming from? To suggest that he just fears so much he didn't want to show up, where is that evidence coming from? All that sounds persuasive to me except for the fact that you say it's discretionary and the underlying purpose of it is not to waste judicial resources on somebody who won't necessarily be affected by our decision. But all these judicial resources have been squandered because the government, maybe not you personally, didn't bother to tell us that he didn't show up. I don't want to say clean hands, but it's sort of strange to run us and run you and opposing counsel and everybody through all of this if, in fact, we have a doctrine out there, if we know what's going on. Right, Your Honor, undeniably neither the government nor Petitioner, who is the one who absconded, told this court. Absconding is a little, if all he did, legally absconding, but all he did was not show up for an appointment. An appointment that is... That may be legally absconding, I don't know, but that's an exaggerated phrase for not showing up. Okay, Your Honor, I mean whether or not absconding or not reporting, whatever the appropriate term is, it's a lawful order. He's supposed to show up for an order of supervision and he's supposed to. When did he not show up? When there's a possibility of removal. When actually the order could take effect, he doesn't show up. Undeniably, the government regrets having to file that this late date. Unfortunately, the Department of Homeland Security and Department of Justice don't have a perfect system of communicating. We work our best to do that. Our office... It would be better if you want this kind of relief. Absolutely, Your Honor. We need to do a better job at that, and we are, in fact, today, talking to Department of Homeland Security in order to see... Well, then I should bluster and pound the desk. That will improve your... You want me to pound the desk? Some of those Sixth Circuit judges have steam coming out of their ears. Do you want us to... If Your Honor wants to do it... Literally pounding the desk. I will have Department of Homeland Security and my management listen to that. Undeniably, we have a system which we learn of agency decisions, the board decisions. There is no perfect system for Department of Homeland Security. We are attempting to figure that out. Part of the interesting part about it is the court may have to spend more resources because Petitioner has filed a third motion to reopen with the board. And, in fact... Before us, isn't it? Not yet before the court. We've got enough to do, Your Honor. We do have enough on the plate, Your Honor. Ultimately, though, he has not reported. He's offered no explanation. The fact that he has a stay of removal really doesn't help him Do you want to address the merits a little bit? Or whatever the legal issues are? Correct. Obviously, as this court has recognized just on Monday in Chavo and in Tran and in Papage, the court's jurisdiction is limited to legal errors. What's telling is Petitioner's attempt to dress up factual claims as legal claims. The issue here is largely about acquiescence and whether there's been any material evidence about acquiescence. Petitioner's opening brief talks purely about discretionary factual issues because it doesn't acknowledge the jurisdictional bar. We raise it in the answering brief, and the reply brief makes a perfunctory attempt to raise legal issues. The main one being they apply the wrong standard of view, which is not one that's been articulated today. But they point to nothing in the board's decision to suggest the board doesn't understand prime and facial eligibility. That's what they said. As I understand their argument today, their only argument is that it was a legal error that the board failed to address Catt in the denial of the reopening. Right. That's the argument being raised for the first time at oral argument. The answer is, did the board state Catt in the very conclusion? No. It was incorrect. Except when you look at the entire decision, the board says very clearly the only thing you're eligible for is Catt. And the first motion to reopen was denied by the IJ based on acquiescence. The agency found no difference. It's an incorrect conclusion because it says asylum withholding, but ultimately suggests that this is a prejudicial error, would be to ignore the entire agency decision as a whole. Okay. Accordingly, I ask the court to dismiss the petition. Thank you. Do you have a rebuttal? Yes, Your Honor. Okay. I would like to respectfully submit that, you know, it is a valid point that the government's not really coming to the court with clean hands in this situation. I would submit they're gaming the system in the sense of filing their motion to dismiss on fugitive disentitlement right before oral argument. It's clearly just a tactical move. If the government wanted to. It's a good tactical move. It seems to be against their interest to me. Yes. It certainly makes them less likely to succeed on it. So how is it tactical? Yes, and I think that's, you know, I just wanted to highlight that. Tremendous judicial resources. Like a tactical error, not a tactical. Yes, and not just. And my client has spent resources to do this. I've spent time and resources to prepare for this, and it would have been, you know, I think much better to have presented the, you know, that argument at the very onset. So, and I disagree with opposing counsel's characterization that the entire decision of the Board of Immigration Appeals has to do with CAT. That's not the case. The first half of it is dealing with the first motion to reopen, and it's only once you get to AR6, page 4 of the decision, the second half of that page where they're doing the legal analysis on the second motion to reopen. So the second motion to reopen, you know, they're doing an asylum analysis. The second last paragraph, he fears persecution in Iraq because he's a Christian. That's more of an asylum-ish analysis. There's nothing here to show that the board actually put its mind on the second motion to CAT. And that's a legal error that this court does have jurisdiction. I think it would be very difficult for the court to review unless the board clears this up, this mistake. And if it is remanded, I just ask that, you know, that the board also clear up why they are granting some motions to reopen for Christian Chaldeans going to Iraq and denying others. There's a lot at stake here. Christians, the court may be able to take judicial notice that Christians are being targeted, tortured, killed, crucified in Iraq. My client has a tattoo of Jesus and other religious symbols on his arms. You know, he's done his time. He was paroled out. After 19 years, he's a good, clean person now. I don't think he deserves the death sentence. And those are my thoughts. Can you undertake that he'll show up the next time he gets a notice? I wish he was here. I can undertake that I will make best efforts. Yeah, I'll make best efforts. The judges are flaming. Okay. And I hope I will tell him if we get that second appointment. I don't know if we just walk in and surprise them. I don't know if that's going to make a bad situation worse. If he had an appointment, it's orderly. I'm not saying I have a rule. I'm just saying. Yeah. Will, I'll understand. It's easier for your client if the system had some assurance that he shows up. Yes, I undertake to push him to go if we just have some direction from opposition. I think I can very well convince him. Yes, his friends, the Christians, are still in detention arbitrarily, just waiting for their BIA motions to be adjudicated. You know, they're spending six months a year in there. But hopefully that's not the fate of my client. But I will undertake to go with him and do my best to send him there. I'm confident he will. Thank you. Thank you, Your Honor. Thank you, counsel. Would the clerk call the next case, please?